LOBRASON & HIELBURN, ET AL., *v.* A. R. MULLINS.

**Commissioner's Report of Sale.**

> After a sale has been reported to and confirmed by the chancellor, he has no power, at a subsequent term, to hear exceptions or to permit, without consent, the commissioner to amend his report.

### APPEAL FROM KENTON CHANCERY COURT.

#### January 21, 1879.

OPINION BY JUDGE PRYOR:

At the date of the confirmation of the commissioner's report, the plaintiffs in the several attachments were the purchasers of the land, and after confirmation the chancellor had no power at a subsequent term to hear exceptions or to permit, without consent, the commissioner to amend his report.

The commissioner, when selling the land, was not presumed to know whether Hewitt was the attorney for one or all of the parties, and made his report, no doubt, on the idea that he was the attorney, or authorized to bid for all; and the only manner in which he ascertains a different state of case to exist was from the information of those, including the appellee, who take issue with appellants on that question. This case shows the necessity of having an end to litigation and preventing any interference with final judgments by mere motion in the same case, so as to change the rights of the parties. The report of the commissioner was not a mere clerical misprision. He made the report because he believed, and had the right to believe, that Hewitt was representing all the plaintiffs; and whether so or not, it is now too late in this form of proceeding to make inquiry as to the action of the commissioner. That he acted in good faith and upon grounds authorizing such action is manifest from the proof. We do not mean to decide that Hewitt was authorized to make the bid. This question is not before us, but what we do mean to decide is, that such an issue cannot be raised by exceptions after confirmation at a subsequent term of the court, when the court ceases to have any power over it, and that all the proceedings thereafter are not only irregular but absolutely void. The plaintiff, Mullins, had no right to have the land sold to satisfy his individual claim, and if his position with reference to the other plaintiffs in the action is maintained, it must be by an original pleading.

The appellants moved to set aside the order sustaining the exceptions or authorizing the supplemental report. This motion was based upon the want of jurisdiction (or at least this was one of

the grounds), and the court, declining to dispose of the case on that ground, has heard proof on an additional exception to the effect that Hewitt was authorized to make the bid, and adjudging that he was not, has subjected the land to the payment of appellee's debt. The fact that the appellee tendered such an issue by a mere exception to the order changing the original report did not give the court jurisdiction, and particularly when the appellants were insisting that the court had no power over the original judgment and the report made under it. This view of the question needs no authority in support of it, and the judgment subjecting the land to sale for Mullins' debt, as well as the sale, should be disregarded, and the order filing the supplemental report set aside. The judgment on the case the first time is *reversed* and cause remanded for further proceedings consistent with this opinion. Appellants entitled to judgment for costs. The second appeal is dismissed without prejudice. Appellants will pay the cost of that appeal.

*Stevenson & O'Hara, for appellants.*

*J. F. and C. H. Fish, for appellee.*